Marisa Matsumura, Esq. [State Bar No. 245119]
E-Mail: Marisa.Matsumura@coco.ocgov.com
COUNTY COUNSEL – COUNTY OF ORANGE
333 W. Santa Ana Blvd., Suite 407
Santa Ana, California 92701
Telephone No.: (714) 834-3317
Facsimile No.: (714) 834-2359

David D. Lawrence, Esq. [State Bar No. 123039]
E-Mail: dlawrence@lbaclaw.com
Christina M. Sprenger, Esq. [State Bar No. 205105]
E-Mail: csprenger@lbaclaw.com
Zaynah N. Moussa, Esq. [State Bar No. 265343]
E-Mail: zmoussa@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
1600 North Broadway, Suite 1010
Santa Ana, California 92706
Telephone No.: (714) 479-0180
Facsimile No.: (714) 479-0181

Attorneys for Defendants,
SHERIFF SANDRA HUTCHENS, ASST. SHERIFF MIKE JAMES,
SERGEANT K. BURMOOD, DEPUTY LOPEZ, DEPUTY GARZA, DEPUTY
CISLO, JANETTE MCMILLIN and ELMAR BONIFACIO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORSTER, <br><br> PLAINTIFF, <br><br> vs. <br><br> SANDRA HUTCHENS, Sheriff/Coroner; MIKE JAMES, Asst. Sheriff; JAY LaFLORE, Commander; Sgt. K. BURMOOD; Deputy LOPEZ; Deputy GARZA; Deputy GILBERT; Deputy CISLO; JANETTE McMILLIN, RD, PHNII; Sr. Inst. Cook BONIFACIO; and DOES 1-10, Individually and in their Official Capacity, | Case No. SACV 10-1084 CJC (JEM) <br><br> Complaint filed: August 3, 2010 <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE MCDERMOTT PERTAINING TO DEFENDANTS' MOTION TO DISMISS** <br><br> Date:   N/A[1] <br> Time:  N/A <br> Crtrm: C-8th Floor |

---

[1] No hearing date is indicated because Plaintiff is representing himself in this action and is presently incarcerated. *See*, Federal Rule of Civil Procedure 78, LR 7-15.

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS RE: MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT(S).

)
)
)
)

**MATTER FOR DETERMINATION
BY THE HONORABLE CORMAC J.
CARNEY**

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS RE: MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    PLAINTIFF ADMITS THAT HE FAILED TO EXHAUST THE JAIL GRIEVANCE PROCEDURE AS TO ANY OF THE CONDUCT ALLEGED IN HIS COMPLAINT, AND PLAINTIFF'S PROFFERED EXCUSES REGARDING UNAVAILABILITY REMAIN UNAVAILING.**

Plaintiff's Objections to Magistrate Judge John E. McDermott's Report and Recommendation regarding Defendants' Motion to Dismiss, like Plaintiff's Opposition papers, rest wholly on unsupported and insufficient excuses for his failure to exhaust the available administrative remedies.  Plaintiff concedes that he did not exhaust the internal grievance procedure as required under the Orange County Sheriff's Department's grievance policy.  (Complaint at 10:12-13; Opposition at 4:1-2.)  Plaintiff further concedes that he was able to exhaust grievances unrelated to the instant case.  (Objections at 3:6-7.)

Thus, Plaintiff's sole remaining argument against dismissal of this action under the Prison Litigation Reform Act of 1995 ("PLRA") is that the procedure for exhaustion of inmate grievances outlined in the Declaration of Lieutenant Hal Brotheim[2] ("Brotheim Decl.") was unavailable during the relevant time period.  Plaintiff has again failed, however, to offer **any** evidence demonstrating unavailability of the grievance procedure, and has failed to even describe with any specificity what transpired to prevent him from appealing and exhausting his grievances.

Plaintiff's Objections merely reiterate some of the arguments from his Opposition papers: 1) that the grievance procedure described in Lt. Brotheim's Declaration was not in place during the relevant time period; 2) that the grievance

---

[2] All references herein to the Declaration of Lt. Brotheim refer to the document filed concurrently with Defendants' Motion to Dismiss Plaintiff's Complaint for Damages.

1  form led Plaintiff to believe there were only two levels of appeal required for
2  exhaustion; 3) that Defendant Jeanette McMillin was the only level of review
3  available for grievances related to kosher diets; and 4) that any attempt by
4  Plaintiff to appeal was "futile" as the appeal forms "vanished and were never
5  answered"; and 4).

6      Plaintiff's contentions remain unsupported and unavailing.

7  **A.  <u>Plaintiff Cannot Refute That The Grievance Policy And Inmate</u>**
8  **<u>Grievance Forms Were Available To Him At All Times Relevant</u>**
9  **<u>To This Action.</u>**

10     Contrary to Plaintiff's baseless contention that the grievance policy at issue
11  "was not made available until after said events" (Objections at 2:6-7),
12  Defendants' evidence shows that the policy was in place at all times relevant to
13  this action (July 8, 2009 through April 12, 2010), that Inmate Grievance Forms
14  are and were made available to inmates at each facility, (Brotheim Decl., ¶¶ 3-
15  4, 9), and that, at all times relevant to this action, the Jail Rules section of the
16  Policy and Procedures Manual which contained a description of the grievance
17  procedure and requirements for exhaustion was posted in each inmate dayroom or
18  living area – including Plaintiff's housing area – and was also posted in the
19  booking area. (Brotheim Decl., ¶ 9.)

20     The grievance policy in place at all times relevant to this action explicitly
21  states that if the inmate was dissatisfied with the outcome, the grievance could be
22  appealed to the next highest level to exhaust his remedies. (Brotheim Decl., ¶¶
23  14-15.) At all times pertinent to the claims in this case, the appeals process would
24  be considered exhausted when the inmate's grievance was reviewed by the
25  Division Commander. (Brotheim Decl., ¶¶ 15-16.) Plaintiff, in fact, admits that
26  he was able to exhaust an unrelated grievance under this same policy.
27  (Objections at 3:6-7.)

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS RE: MOTION TO DISMISS

**B.**     **Under The Grievance Policy, A Response By Dietician Janette McMillin Did Not Constitute A Level Of Review For Purposes Of Exhaustion.**

Plaintiff offers no evidence to rebut the fact that investigation of an inmate grievance by a Food Services staff member, such as Dietician Janette McMillin, does not constitute a level of review under the grievance exhaustion procedure. Under the grievance procedure in place during all times relevant to this action, the appeals process is generated and exhausted only through review by sworn staff members. (Brotheim Decl., ¶¶ 15-16.)  While a Food Services staff member may review a meal-related grievance and prepare a written response, that response does not constitute a level of review or exhaustion for purposes of the grievance procedure.  Thus, inmates who submit a grievance for which a Food Services investigation and/or response has been generated must still adhere to the grievance procedure described above, and the appeals process would be considered exhausted according to the procedure, when the grievance is reviewed by the Division Commander.  (Brotheim Decl., ¶ 16.)

Regardless of whether Food Services staff member Janette McMillin responded to some of Plaintiff's meal-related grievances, the Food Services responses submitted by Plaintiff in his Opposition as Exhibit "A" were apparently signed at each level by a sworn staff member.  (Opposition, Exhibit "A".) Plaintiff's only proffered evidence therefore **validates** the grievance process, and demonstrates that it is the review by sworn staff members – not the response prepared by Food Services – which constitutes appeal and exhaustion for purposes of the grievance procedure.

Moreover, Plaintiff did not and cannot refute that, during the time period relevant to his Complaint, Plaintiff availed himself of the grievance procedure on 51 occasions.  (Brotheim Decl., ¶ 20.)  Further, Plaintiff did not refute that of those 51 grievances, 23 concern the meal-related conduct alleged in this lawsuit,

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS RE: MOTION TO DISMISS

1  yet **none** of those grievances were appealed to the level of Captain/Division

2  Commander.  (Brotheim Decl., ¶¶ 21-22).  As such, Plaintiff's arguments

3  regarding the grievance appeal process lack merit.

4        **C.**    **Plaintiff's Vague Contention That His Grievance Appeals**

5               **"Vanished" Is Unsupported And Unavailing.**

6        Plaintiff has simply not demonstrated that administrative remedies were

7  unavailable, or that Jail officials effectively obstructed his ability to pursue his

8  grievance through the Division Commander's level of review.  Plaintiff's claim

9  that the exhaustion process was "futile" because his "appeals vanished and were

10  never answered and/or logged" (Objections at 3:2-5) lacks any specificity as to

11  the time or matter of the alleged attempts at exhaustion, and is unsupported by

12  any evidence.

13        A plaintiff may not circumvent the exhaustion requirement of the PLRA by

14  making generalized allegations regarding the unavailability of administrative

15  remedies.  The United States Supreme Court has rejected the idea that a process

16  becomes unavailable because the prisoner does not comply with the procedural

17  rules and therefore cannot obtain relief, and required courts to specifically look at

18  the reason why and how the administrative process is unavailable.  *Woodford v.*

19  *Ngo,* 548 U.S. at 88, 99-103 (2006).  Where a plaintiff cannot "describe[] with

20  any degree of specificity [] what transpired" to render administrative remedies

21  unavailable, that plaintiff fails to plead that he is exempt from the exhaustion

22  requirement of Section 1997e(a).  *Bounds v. Arpaio,* 2007 WL 1760776, at *2 (D.

23  Ariz. 2007) (holding that generalized allegations that jail officials prevented the

24  plaintiff from exhausting the grievance procedure were insufficient where the

25  plaintiff failed to describe exactly what transpired to prevent him from filing

26  grievances, "such as dates, times, or other identifying circumstances.")

27        Further, Plaintiff's reliance on *Nunez v. Duncan,* 591 F.3d 1217 (9th Cir.

28  2010) is misplaced.  In *Nunez,* the Ninth Circuit excused an inmate's failure to

1   timely exhaust his grievance because the inmate offered evidence showing he

2   "took reasonable and appropriate steps to exhaust his [claim] and was precluded

3   from exhausting, not through his own fault but by the Warden's mistake." 591

4   F.3d at 1224. The inmate filed his informal and formal complaints with the

5   warden within the time period required by the administrative rules, and the delay

6   in exhaustion occurred after the warden provided the plaintiff with incorrect

7   information about the documents he needed to obtain in order to defend his

8   appeal. *Id.* at 1224–26.

9        Here, in contrast to *Nunez,* Plaintiff offered no evidence demonstrating any

10  attempt to appeal the grievances at issue, nor has Plaintiff shown that he was

11  misinformed regarding the grievance procedure by any jail officials. The

12  evidence, in fact, demonstrates that Plaintiff was able to avail himself of the

13  grievance procedure on at least 51 occasions, including grievances which were

14  exhausted. Plaintiff's apparent familiarity with the grievance procedure belies his

15  vague and unsupported contention that he was unable to exhaust the

16  administrative procedure for complaints about the subject incidents. As a result,

17  this Court should resolve this disputed issue of fact in favor of Defendants. *Wyatt*

18  *v. Terhune*, 315 F.3d1108, 1119-1120 (2003). *See also*, *Crane v. Evans,* 2009

19  WL 3072460, at *3 (N.D.Cal. Sept.22, 2009) (finding that an inmate failed to

20  exhaust the available administrative remedies where there was no evidence that

21  the Appeals Coordinator received the grievance and the inmate "offer[ed] no

22  explanation as to why he did not pursue the lack of response ... or that no

23  remedies remained available to him at the time").

24       In sum, Plaintiff cannot refute the evidence presented in Defendants'

25  moving papers, which demonstrates that the grievance procedure was available to

26  Plaintiff, that Plaintiff availed himself of the procedure on numerous occasions,

27  and that Plaintiff failed to pursue any grievance related to the conduct alleged in

28  the Complaint through to exhaustion.

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS RE: MOTION TO DISMISS

1   Defendants have carried their burden to raise and prove the affirmative

2  defense of Plaintiff's failure to exhaust available administrative remedies, and

3  Plaintiff's Complaint should be dismissed in its entirety.

4  **II.**   **CONCLUSION.**

5   Based on the foregoing, and for the reasons set forth in the moving and

6  reply papers, Defendants respectfully request that this Court adopt Magistrate

7  Judge McDermott's Report and Recommendation and dismiss Plaintiff's

8  Complaint in its entirety without leave to amend.

9

10                              Respectfully submitted,

11  DATED:  July 25, 2012        LAWRENCE BEACH ALLEN & CHOI, PC

12

13                        By _____

14                              DAVID D. LAWRENCE
                                CHRISTINA M. SPRENGER
15                              ZAYNAH N. MOUSSA

16                              Attorneys for Defendant,
                                SHERIFF SANDRA HUTCHENS, ASST.
17                              SHERIFF MIKE JAMES, SERGEANT K.
                                BURMOOD, DEPUTY LOPEZ, DEPUTY
18                              GARZA, DEPUTY CISLO, JANETTE
                                MCMILLIN and ELMAR BONIFACIO
19

20

21

22

23

24

25

26

27

28

1
2

## PROOF OF SERVICE

3

STATE OF CALIFORNIA; COUNTY OF ORANGE

4

     I, Debbie Pryor, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1600 North Broadway, Ste. 1010, Santa Ana, CA 92706.

5
6

     On July 25, 2012, I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION BY MAGISTRATE JUDGE MCDERMOTT PERTAINING TO DEFENDANTS' MOTION TO DISMISS** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

7
8
9

**Joshua Forster - #2386022**

10

**501 S. The City Drive**

11

**Orange, CA  92868**

12

X    BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business.

13
14
15

_    BY FEDERAL EXPRESS
I caused such envelope to be delivered via Federal Express to the offices of the address(es) listed above.

16
17
18

___    BY PERSONAL SERVICE
_    I hand delivered such envelope by hand to the addressee(s) listed above.

19
20
21

X    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

22
23

Executed on July 25, 2012, at Santa Ana, California

24
25

Declarant

26
27
28

7